IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ABEL JIMENEZ JIMENEZ,<br><br>     Petitioner,<br><br>  v.<br><br>SAMUEL J. OLSON, Field Office Director of Enforcement and Removal Operations, St. Paul Field Office, Immigration and Customs Enforcement; KRISTI NOEM, in her official capacity as Secretary of the U.S. Department of Homeland Security; U.S. DEPT. OF HOMELAND SECURITY, and AARON HANSON, Douglas County Jail Sheriff,<br><br>     Respondents. | 8:25CV533<br><br><br>ORDER |

  This matter is before the Court on petitioner Abel Jimenez Jimenez's ("Jimenez") Petition for Writ of Habeas Corpus (Filing No. 1) and Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (Filing No. 7).

  Jimenez primarily seeks a temporary restraining order ("TRO") under Rule 65(b) against James Olson, Field Office Director of Enforcement and Removal Operations, St. Paul Field Office, Immigration and Customs Enforcement ("ICE"); the U.S. Department of Homeland Security ("DHS"); Kristi Noem, in her official capacity as Secretary of DHS; and Aaron Hanson, Douglas County Jail Sherriff (collectively "Respondents").[1] The Court may issue a TRO without notice to "the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show" an irreparable harm will result to the movant "before the adverse party can be heard in

---

[1] "[A]n official-capacity suit is a suit against a government entity 'in all respects other than name,'" and naming DHS in addition to the Secretary of DHS in her official capacity is "redundant[.]" Banks v. Slay, 875 F.3d 876, 880-81 (8th Cir. 2017) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

opposition" and "(B) the movant's attorney certifies in writing any effort made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Jimenez's motion was not properly presented. Jimenez mentions in passing that "[r]espondents have been provided with a copy of the instant motion and supporting documents and are on notice" but did not present any affidavit or verified complaint, nor did Jimenez's counsel show efforts made to give notice of the request for TRO. Therefore, the request for a TRO is denied.

Regarding Jimenez's petition for a writ of habeas corpus, Jimenez alleges on June 12, 2025, ICE, a division of DHS, arrested him and transferred him to the Douglas County Jail in Omaha, Nebraska where he is currently detained. At the bond hearing before an Immigration Judge ("IJ"), DHS argued that the IJ did "not have jurisdiction to issue a bond because [Jimenez] is an applicant for admission and is subject to mandatory custody pursuant to INA § 235(b)(2)(A)" which does not allow for bond hearings (Filing No. 1-5). The IJ disagreed because, at that time, "the Board [of Immigration Appeals] ha[d] not yet published a case" on whether § 235(b)(2)(A) (codified at 8 U.S.C. § 1225(b)(2)(A)) applies to aliens "present in the United States without admission." Thus, the IJ concluded Jimenez was detained pursuant to § 1226, held a bond hearing on the matter, and ordered Jimenez "released on bond in the amount of $3,000."

DHS then appealed the IJ's bond order, which automatically stayed the order pending the Board of Immigration Appeal's ("BIA") decision. *See* 8 C.F.R. § 1003.19(i)(2) (providing that in bond determinations pursuant to Section 236 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226, where the IJ "authoriz[es] release (on bond or otherwise)" but "DHS has determined that [the] alien should not be

2

released" the IJ's order "shall be stayed upon DHS's filing of a notice of intent to appeal[.]").[2]

Even though Jimenez is currently detained pursuant to DHS's appeal of the IJ's bond order under Section 236 of the INA, 8 U.S.C. § 1226, Jimenez's petition for a writ of habeas corpus focusses on Section 235(b)(2), 8 U.S.C. § 1225(b)(2). Jimenez alleges "the mandatory detention provision at 8 U.S.C. § 1225(b)(2) does not apply to all noncitizens residing in the United States who are subject to ground of inadmissibility" and that the "application of § 1225(b)(2)" to him "unlawfully mandates his continued detention and violates the INA." Moreover, Jimenez claims his detention pursuant to the automatic stay provision in 8 C.F.R. § 1003.19(i)(2) violates his due process rights.

Two days after Jimenez filed his petition for a writ of habeas corpus, the BIA weighed in on whether the automatic detention provision in § 235(b)(2), 8 U.S.C. § 1225(b)(2) applies to aliens like Jimenez pending the outcome of their immigration proceedings. *See Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA Sept. 5, 2025). In that decision, the BIA addressed whether an IJ "has the authority to consider the bond request of an alien who entered the United States without admission and who has been present in the United States for at least 2 years. *See* 8 C.F.R. § 1003.1(d)(3)(i) (2025)." *Id.* at 217. The BIA concluded that aliens "who have been residing in the United States for years without lawful status" are considered "applicants for admission" and are thus subject to the mandatory detention provision in INA § 235(b)(2)(A), 8 U.S.C. § 1225(b)(2)(A) "for the duration of the immigration proceedings[.]" *Id.* at 220. In the BIA's view, IJs do not have authority over bond hearings of aliens like Jimenez who are "present in the United States without admission" because they remain "applicants for admission as defined under section

---

[2]In his motion for a TRO, Jimenez argues that DHS's appeal of the bond determination under 8 C.F.R. § 1003.19(i)(2) is "unconstitutional and *ultra vires*" but he does not raise that argument in his petition for a writ of habeas corpus.

235(b)(2)(A) of the INA, 8 U.S.C. § 1225(b)(2)(A)," even though they "have been residing in the United States for years[.]" *Id*. at 220.

While the BIA's decision may complicate Jimenez's request for habeas relief based on a violation of the INA, the habeas statute provides that a court must grant the petition for writ of habeas corpus or order Respondents to "show cause why the writ should not be granted unless it appears from the application that [Jimenez] is not entitled" to relief. 28 U.S.C. § 2243. The order to show cause must be "directed to the person having custody of [Jimenez]." *Id.* The show cause order must "be returned within three days" unless "good cause for additional time, not to exceed twenty days, is allowed." *Id.* Moreover, the person to whom the order is directed "shall make a return certifying the true cause of [Jimenez's] detention." *Id.*

The Court cannot say from the face of the petition that Jimenez is not entitled to relief. The Court also has questions given the recent BIA decision. Accordingly, the Court orders Jimenez to serve his petition and a copy of this Order on Respondents and file proof of service with the Court. Respondents shall then show cause why Jimenez's writ should not be granted. After Jimenez files any reply, the Court will determine whether to hold a hearing on the matter. The Court finds the need to serve Respondents and the complexity of the legal issues constitute good cause for the briefing schedule to the extent it allows a response outside the three-day return on show cause order provided in 28 U.S.C. § 2243. Accordingly,

    IT IS ORDERED:

1. Abel Jimenez Jimenez's Motion for Temporary Restraining Order under Rule 65(b) (Filing No. 7) is denied in part.
2. Abel Jimenez Jimenez shall serve his Petition for Writ of Habeas Corpus (Filing No. 7) and a copy of this Order on Respondents and file proof of such service with the Court.
3. James Olson, Kristi Noem, and Aaron Hanson shall show cause why the petition should not be granted within three business days after Petitioner serves them.

4. Petitioner shall have three business days from the date of Respondents' response to file a reply.

5. The Court will then determine whether to hold a hearing on this matter.

Dated this 10th day of September 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

5